FILED
CHARLOTTE, N. C.
AUG 31 2005
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| LG SOURCING, INC. and LOWE'S HOME CENTERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES ELLWANGER, LLC, d/b/a AFURNITURE; TEKWANI SAWMILLS (PTY.) LTD.; and RICOMEX ENTERPRISES, LTD. <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 5:05cv 245-V <br><br> Jury Trial Demanded |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs LG SOURCING, INC. (hereinafter referred to as "LGS"), and LOWE'S HOME CENTERS, INC. (hereinafter referred to as "LHC") (LGS and LHC are referenced together herein as "Plaintiffs"), for their Complaint against Defendants JAMES ELLWANGER, LLC, d/b/a AFURNITURE (hereinafter referred to as "Ellwanger"), TEKWANI SAWMILLS (PTY.) LTD. (hereinafter referred to as "Tekwani"), and RICOMEX ENTERPRISES, LTD. (hereinafter referred to as "Ricomex"), allege as follows:

1. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Plaintiff LGS is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697, and is doing business in this State and District.

3. Plaintiff LHC is a corporation organized and existing under the laws of the State of North Carolina, having offices at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697, and is doing business in this State and District. LHC owns and operates retail home improvement warehouses known as "Lowe's Home Improvement" warehouses.

4. Upon information and belief, Defendant Ellwanger is a corporation organized and existing under the laws of the State of Iowa, having a principal place of business at 3507 SW 42nd Street, Des Moines, Iowa 50321, and may be served with a summons and complaint at that address. Upon information and belief, Defendant Ellwanger is a furniture and home accessories company founded upon certain designs of large-scale metal sculptor, James Ellwanger.

5. On information and belief, Defendant Tekwani is a corporation having a place of business in the United States at 5800 Versailles, Frisco, Texas 75034, and may be served with a summons and complaint at that address. On information and belief, Defendant Tekwani is in the business of manufacturing and selling products including the pine shelf product described hereinbelow.

6. Defendant Tekwani is a former vendor to Plaintiff LGS of a "Classic Pine Shelf with Curved Front" product ("the pine shelf product"), which product is or has been sold by Plaintiff LHC.

7. On information and belief, Defendant Ricomex is a corporation having a principal place of business at Rooom D, 4/F Shatin Industrial Bldg. 22-28, Wo Shui Street, Fotan, NT, Hong Kong. On information and belief, Defendant Ricomex is in the business of manufacturing and selling products including the pine shelf product.

8. Defendant Ricomex is a vendor to Plaintiff LGS of the pine shelf product, which product is or has been sold by Plaintiff LHC.

9. This Court has jurisdiction over the subject matter of this action on the following grounds:

   (a) 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States;

   (b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce;

   (c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights;

   (d) 28 U.S.C. § 1332, this being a civil action between citizens of different states in which the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

10. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiffs and Defendant Ellwanger.

11. This Court has personal jurisdiction over Defendant Ellwanger consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4 because, among other things, any injury caused to Plaintiffs occurred in the State of North Carolina as a result of Ellwanger's actions within the State of North Carolina and this District, and because Ellwanger sent a cease and desist demand letter to this State and District creating in Plaintiffs a reasonable apprehension of suit by Ellwanger.

Additionally, upon information and belief, Ellwanger is doing business in this State and District.

12. This Court has personal jurisdiction over Defendants Tekwani and Ricomex consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4 because, among other things, their respective actions occurred in this State and District. Additionally, on information and belief, Tekwani and Ricomex are doing business in this State and District. Further, Tekwani and Ricomex each has entered into a Master Standard Buying Agreement with Plaintiff LGS wherein it agreed to submit to the jurisdiction of the courts of this State.

13. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 and/or § 1400 because, among other things, this is an action arising out of allegations for patent infringement and because Plaintiffs are in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, and on information and belief, Defendants are subject to personal jurisdiction in this District.

14. On or about May 24, 2005, counsel for Defendant Ellwanger sent a letter to Lowe's Companies, Inc.'s corporate offices in Mooresville, North Carolina, alleging that Defendant Ellwanger is the owner of U.S. Design Patent No. 459,932, entitled "Shelving Unit," which was issued on July 9, 2002 ("the '932 patent"). A copy of the '932 patent is attached hereto as Exhibit 1.

15. The May 24, 2005 letter alleges infringement of Ellwanger's alleged patent rights by virtue of sales of the pine shelf product made by Plaintiff LHC. Among other things, Ellwanger's letter states that sales of the pine shelf product "constitutes patent infringement," demands that Plaintiffs "immediately cease all further use and

- 4 -

Case 5:05-cv-00245-DLH   Document 1   Filed 08/31/05   Page 4 of 10

sales" of the pine shelf product, and refers to Ellwanger's alleged "legal right to an accounting and appropriate damages."

16. Defendant Ellwanger has alleged that it holds whatever rights, if any, may exist in the '932 patent.

17. On information and belief, the pine shelf product does not infringe any valid and enforceable patent rights of Ellwanger, including any rights in the '932 patent.

18. There is an actual, substantial, and justiciable controversy between Plaintiffs and Defendant Ellwanger of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendant Ellwanger has made a clear threat against Plaintiffs sufficient to create a reasonable apprehension of suit by Ellwanger concerning its alleged patent rights. Plaintiffs are entitled to a judgment declaring their rights as requested herein.

## COUNT I

### DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT

19. Plaintiffs incorporate by reference paragraphs 1 through 18 above as if set forth fully herein.

20. There is an actual, substantial, and justiciable controversy between Plaintiffs and Defendant Ellwanger concerning Ellwanger's allegations that Plaintiffs have infringed the '932 patent.

21. These allegations place a cloud over Plaintiffs' business activities and will cause uncertainty among customers, prospective customers, suppliers, and others in the marketplace, likely leading Plaintiffs and/or their related companies to lose sales and business opportunities.

22. On information and belief, the pine shelf product does not infringe the '932 patent, as alleged by Ellwanger.

23. Plaintiffs are entitled to a judgment declaring that any and all making, using, selling, offering for sale, or importing into the United States of the accused products by Plaintiffs, or either of them, is and has been lawful, and otherwise declaring that Plaintiffs have not infringed whatever rights, if any, that Defendant Ellwanger may hold in the '932 patent.

24. As a direct and proximate result of Ellwanger's allegations of patent infringement against products made, used, sold, offered for sale, and/or imported into the United States by or for Plaintiffs, Plaintiffs are suffering irreparable injury to their reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

## COUNT II

### DECLARATORY JUDGMENT REGARDING PATENT INVALIDITY

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above as if set forth fully herein.

26. There is an actual, substantial, and justiciable controversy between Plaintiffs and Defendant Ellwanger concerning Ellwanger's allegations that Plaintiffs have infringed the '932 patent.

27. These allegations place a cloud over Plaintiffs' business activities and will cause uncertainty among customers, prospective customers, suppliers, and others in the marketplace, likely leading Plaintiffs and/or their related companies to lose sales and business opportunities.

28. On information and belief, Defendant Ellwanger's broad assertion, construction, and/or interpretation of the '932 patent renders the claim thereof invalid in view of the prior art and/or for failure to comply with the provisions of one or more sections of the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

29. On information and belief, Plaintiffs are entitled to a judgment declaring that the claim of the '932 patent is invalid for failure to comply with the provisions of one or more sections of the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

30. As a direct and proximate result of Ellwanger's allegations of patent infringement against Plaintiffs, Plaintiffs are suffering irreparable injury to their reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

## COUNT III

### IN THE ALTERNATIVE, FOR INDEMNIFICATION FROM DEFENDANTS TEKWANI AND/OR RICOMEX

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as if set out fully herein.

32. Defendant Tekwani is a former vendor to Plaintiff LGS of the pine shelf product, which product is or has been sold by Plaintiff LHC.

33. Defendant Ricomex is a vendor to Plaintiff LGS of the pine shelf product, which product is or has been sold by Plaintiff LHC.

34. In the event that Plaintiffs or either of them are found liable for violating Ellwanger's alleged patent rights under 35 U.S.C. § 1 *et seq.*, pursuant to respective Master Standard Buying Agreements between Plaintiff LGS and Tekwani, and between Plaintiff LGS and Ricomex, Tekwani and Ricomex each agreed to "hold [Plaintiffs]

harmless from and against any and all liability and/or losses and/or damages" which may be assessed against Plaintiffs or their affiliates.

35. Tekwani's and Ricomex's respective obligations to indemnify and hold harmless Plaintiffs includes court costs, expenses and attorney's fees and specifically applies to any alleged claims of patent infringement.

36. Additionally, Plaintiffs are entitled to an indemnification from Tekwani and/or Ricomex for all expenses and costs, including attorneys' fees, that are incurred by Plaintiffs as a result of their defense against the allegations made by Defendant Ellwanger.

WHEREFORE, Plaintiffs LG Sourcing, Inc. and Lowe's Home Centers, Inc. pray that this Court enter judgment:

(a) Declaring that Plaintiffs, and including specifically the pine shelf products made, used, imported, sold and/or offered for sale by Plaintiffs, or either of them, or their related entities, have not infringed any purported patent rights of Ellwanger in the '932 patent, or otherwise violated any provision of the patent laws of the United States;

(b) Declaring that the '932 patent is invalid pursuant to the patent laws of the United States;

(c) Permanently enjoining Ellwanger, its successors, assigns, and others from asserting the '932 patent against Plaintiffs or their related entities with respect to the pine shelf product made, used, imported, sold and/or offered for sale by Plaintiffs, or either of them, or their related entities;

(d) Finding in favor of Plaintiffs and declaring this case to be exceptional pursuant to 35 U.S.C. § 285;

(e) Awarding Plaintiffs their attorneys' fees and other costs and expenses;

(f) Awarding interest to Plaintiffs to the extent permitted by law;

(g) In the alternative, awarding to Plaintiffs indemnification from Tekwani and/or Ricomex of all damages and expenses, including attorneys' fees, awarded to Ellwanger as a result of any claim alleged by Ellwanger;

(h) That the Court award to Plaintiffs indemnification from Tekwani and/or Ricomex of all costs and expenses, including attorneys' fees, incurred by Plaintiffs as a result of their defense against the allegations made by Ellwanger; and

(i) Awarding to Plaintiffs such further relief as the Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 31st day of August, 2005.

_____
Bruce J. Rose, N.C. Bar No. 20105
Kirk T. Bradley, N.C. Bar No. 26490
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)

ATTORNEYS FOR LG SOURCING, INC. and
LOWE'S HOME CENTERS, INC.